UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SHARON KOENIG,

      Plaintiff,

v.                                                         No. SA-20-CV-00887-JKP-HJB

UNITRIN SAFEGUARD INSURANCE
COMPANY, LADDERNOW, LLC AND
CHARLES ALLEN ESKEW JR,

      Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Plaintiff's Motion to Remand* (ECF No. 5), to which Defendant Unitrin Safeguard Insurance Company ("Unitrin") responded (ECF No. 6) and Plaintiff replied (ECF No. 7). For the reasons that follow, the Court denies the motion to remand.

## I. BACKGROUND

This case concerns an insurance claim arising from damages inflicted by a hailstorm. Plaintiff Sharon Koenig ("Plaintiff") commenced this action on June 1, 2020, in the 57th Judicial District Court of Bexar County, Texas, against insurance companies Unitrin, Kemper, and Home State County Mutual and against insurance adjusters Ladder Now LLC ("Ladder Now") and Charles Allen Eskew, Jr. ("Eskew"). *See* ECF Nos. 1-4; 5 at 1-2. In July 2020, Plaintiff dismissed without prejudice all claims and causes of action against Home State County Mutual and Kemper. Unitrin answered Plaintiff's state court petition on July 27, 2020. ECF No. 1-13. In its answer, pursuant to Texas Insurance Code section 542A.006, Unitrin elected to accept whatever liability Ladder Now and Eskew might have to Plaintiff for Ladder Now and Eskew's acts or omissions related to the claim at issue. *Id.* at 3.

## II. JURISDICTION

There is no dispute that Ladder Now and Eskew are non-diverse parties. And "as long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Federal courts always have "jurisdiction to determine [their] own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 622 (2002). "This limited authority permits the court to grant a motion to remand if a nondiverse party is properly joined," while also permitting "the court to deny such a motion if a party is improperly joined and, in so doing, to dismiss the party that has been improperly joined." *Int'l Energy*, 818 F.3d at 209.

## III. DISCUSSION

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs." However, a "civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See id.* § 1441(b)(2).

A party may move to remand a previously removed case. *See id.* § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th

Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

Unitrin removed this case solely on the basis of diversity jurisdiction. No party raises a dispute about the jurisdictional amount required for diversity jurisdiction, but they disagree as to whether Ladder Now and Eskew remain properly joined defendants after Unitrin's election under Tex. Ins. Code § 542A.006.

Plaintiff's claims against Ladder Now and Eskew are grounded in their roles as adjusting company and adjuster engaged by Unitrin to investigate Plaintiff's insurance claim. While insurance adjusters are subject to liability under Chapter 541 of the Texas Insurance Code, *see Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 & n.2 (5th Cir. 2007) (applying predecessor statute of the current § 541.060 of the Tex. Ins. Code while noting the amendments did not change the legal standards), on September 1, 2017, a new provision of the Code took effect. This provision allows insurers, in any action to which Chapter 542A applies,[1] to accept any liability found against its "agent" [2] by providing written notice to the claimant. Tex. Ins. Code § 542A.006(a). Notice may be given prior to suit or after a suit is filed. *Id.* Whether an

---

[1] By its terms, Tex. Ins. Code § 542A

> applies to an action on a claim against an insurer or agent, including: (1) an action alleging a breach of contract; (2) an action alleging negligence, misrepresentation, fraud, or breach of a common law duty; or (3) an action brought under: (A) Subchapter D, Chapter 541; (B) Subchapter B, Chapter 542; or (C) Subchapter E, Chapter 17, Business & Commerce Code. . . . an action that relates to or arises from a policy renewed under Section 2210.703.

*Id.* A claim means a first-party claim "made by an insured under an insurance policy providing coverage for real property or improvements to real property" that "arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." *Id.* § 542A.001(2).

[2] An agent is "an employee, agent, representative, or adjuster who performs any act on behalf of an insurer." Tex. Ins. Code § 542A.001(1).

insurer makes an election prior to suit or after suit is filed, "the court shall dismiss" the action against the "agent" with prejudice. *See id.* § 542A.006(b)-(c). The only difference between a pre-suit and post-suit election is that when the election is made prior to suit, "no cause of action exists" against the agent. *Id.* § 542A.006(b). Once the election is made, an insurer may not revoke the election and a court may not nullify it. *Id.* § 542A.006(f). The statute does not require a particular form for the written notice of election or anything beyond a written notice of election for the court to dismiss the action against the agent and sets no time limitation. *See generally id.* § 542A.006.

Because Unitrin elected to accept liability for Ladder Now and Eskew, § 542A.006 demands that Ladder Now and Eskew be dismissed from the suit. Dismissing Ladder Now and Eskew does not prevent Plaintiff from asserting claims under Chapter 541 of the Texas Insurance Code. Nor does Ladder Now and Eskew's dismissal preclude Plaintiff from implicating Ladder Now and Eskew in those claims, deposing Ladder Now and Eskew, or presenting evidence of their acts or omissions. *See* Tex. Ins. Code § 542A.006(d)-(g).

Shortly after § 542A.006 became effective, district courts began considering how to apply the section when an insurer has made its election in the state court proceedings or at the time of removal. A split of authority has developed on this issue. One line of cases has taken the view that an insurer's post-suit election to accept liability "does not by itself establish improper joinder to defeat remand." *Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 672 (S.D. Tex. 2020). These courts conduct the familiar "Rule 12(b)(6)-type analysis" articulated in *Smallwood*[3] and, where the plaintiff has plausibly alleged a claim against the non-diverse defendant, decline to find improper joinder and grant remand. The other line of cases has adopted the conclusion that where an insurer's election "establishes the impossibility of recovery

---

[3] *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc); Fed. R. Civ. P. 12(b)(6).

against the non-diverse defendant in state court at the time of removal, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes." *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-0773-XR, 2019 U.S. Dist. LEXIS 200150, at *8, 2019 WL 6131455, at *11 (W.D. Tex. Nov. 18, 2019) (emphasis in original). Not surprisingly, Plaintiff urges the Court to follow the so-called majority view, expressed in *Shenavari*. ECF No. 5 at 10-11. And Defendant argues this Court should follow what courts refer to as the minority view, established in *Bexar Diversified*. ECF No. 6 at 3-4.

This Court recently addressed this issue in *Mazhar Footsteps, LLC v. AmGuard Ins. Co.*, No. SA-20-CV-00955-JKP-HJB, 2020 U.S. Dist. LEXIS 242301, 2020 WL 7670245 (W.D. Tex. Dec. 24, 2020). The analysis therein applies equally to this case. In *Mazhar*, the insurance company elected liability under § 542A.006 in its notice of removal. Here, the record evidence includes the answer filed in state court that contains Unitrin's notice of election under § 542A.006. *See* ECF No. 1-13. Because Unitrin's election demonstrates that Plaintiff has no possibility of recovery against Ladder Now and Eskew, these defendants are improperly joined and their citizenship may be disregarded for diversity jurisdiction purposes.

### IV. CONCLUSION

In its answer to the state court petition, Unitrin elected to accept whatever liability Ladder Now and Eskew have to Plaintiff for Ladder Now and Eskew's acts or omissions related to the claim. *See* ECF No. 1-13 at 3. Under § 542A.006 of the Texas Insurance Code, this election is irrevocable and requires the dismissal of the action against Ladder Now and Eskew. With Ladder and Eskew dismissed, Plaintiff and Unitrin are the only parties proceeding before the federal court. Thus, complete diversity of citizenship exists and this Court may exercise subject matter jurisdiction over this case.

Accordingly, the Court **DENIES** *Plaintiff's Motion to Remand* (ECF No. 5). All claims against Defendant Ladder Now and Eskew are dismissed without prejudice.[4] Evidence of Ladder Now and Eskew's acts or omissions may be offered at trial pursuant to Tex. Ins. Code § 542A.0006(g). **The Clerk of Court is DIRECTED to terminate Ladder Now LLC and Charles Allen Eskew, Jr from this case.**

**It is so ORDERED this 6th day of January 2021.**

*[Signature: Jason Pulliam]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

---

[4] Although § 542A.006 provides for dismissal with prejudice following an insurer's election, under current Fifth Circuit precedent, where a federal district court lacks subject matter jurisdiction over an improperly joined party, it must dismiss that party without prejudice. *Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766 F. App'x 34, 36 (5th Cir. 2019) (citing *Int'l Energy*, 818 F.3d at 210).